FILED

2005 Aug-10  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| E. C. DOWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-PWG-1540-W |
| | ) |
| BIBB COUNTY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Following a reduction in his supernumerary pay as a retired tax collector, E. C. Downs, plaintiff, filed this declaratory judgment action against the Bibb County Commission in the Circuit Court of Bibb County seeking relief under state law in the nature of accounting, conversion, and estoppel. Mr. Downs alleges somewhat elliptically that the action of the Bibb County Commission violates 42 U.S.C. § 1983. (Complaint, Paragraph 13). He also refers to a violation of "due process under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." (Complaint, Paragraph 3).

The Commission removed the case to this court because of Mr. Downs's allegations that the actions of the Commission violated due process, equal protection and 42 U.S.C. § 1983. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1441 (removal). Simultaneously with the notice of removal, the Commission filed a Motion to Dismiss arguing that both the federal and state causes of action are due to be dismissed.

In his objection to the Motion to Dismiss, Mr. Downs argues that both his substantive and procedural due process rights have been violated by the taking of his property. He acknowledges

with respect to the procedural due process claim that if adequate state law remedies exist, there is

no procedural due process violation.  He argues:

> Although Alabama law provides partial relief for injuries to Mr. Downs, it provides no relief for the failure of the Defendant to provide the client with a predeprivation hearing.  The ability to obtain relief in a subsequent independent tort action does not justify omitting a predeprivation hearing when deprivation of a protected interest results from some established state procedure rather than from a state employee's random and unauthorized act.  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

In *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), *cert. denied,* 513 U.S. 1110 (1995), the

Eleventh Circuit Court of Appeals stated:

> [A]reas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution."  ...  As a result, the state law based rights constitutionally may be rescinded so long as the elements of procedural – not substantive – due process are observed.

20 F.3d 1556 (Citation omitted.)      Mr. Downs's right to supernumerary pay is a state-created

property right and as such is outside the ambit of the protection of substantive due process.

In the complaint, Mr. Downs alleges that Bibb County has reduced his supernumerary

compensation "without any court approval or the approval of any other higher legislative body,"

"that defendant has no legal right to reduce the plaintiff's pay under the statutes and law," and that

the "Bibb County Commission has taken this action without proper legal authority."  In *Logan*, the

Supreme Court held that a postdeprivation state remedy would not satisfy due process if the property

deprivation is effected pursuant to an established state procedure.  Here, the complaint clearly alleges

that the action taken by Bibb County was NOT pursuant to an established state procedure and there are no facts stated to the contrary in plaintiff's objection.  *Logan* is inapplicable.

In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court held that in the case of a negligent or unauthorized  intentional deprivation there is no procedural due process violation if a meaningful state postdeprivation remedy for the loss is available.  468 U.S. at 533.   Here, there is a meaningful state postdeprivation remedy available.  Plaintiff can pursue his state causes of action in a lawsuit in state court – as he was doing in the Circuit Court of Bibb County.  Plaintiff has failed to state a federal cause of action for a violation of substantive or procedural due process.

Although Mr. Downs refers to a  violation of "due process under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution," (Complaint, Paragraph 3), he has made no factual allegations in either his complaint or his objection to support an equal protection claim.  Plaintiff has failed to state a federal cause of action for a violation of equal protection.

Title 42, United States Code § 1983 provides that if an individual has been deprived of a right guaranteed to him by the Constitution or laws of the United States under color of state law, such an individual has a right to seek appropriate relief in a United States district court.  Because plaintiff has failed to state a federal due process or equal protection cause of action, the § 1983 cause of action necessarily fails as well.

With respect to the state causes of action, the Commission has asked this court to exercise supplemental jurisdiction over the state claims  pursuant to 28 U.S.C. § 1367.  While this court has supplemental jurisdiction over the state law claims,  28 U.S.C. § 1367 ( c) provides:

> (c)     The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(3)     the district court has dismissed all claims over which
it has original jurisdiction.

In deciding whether to exercise supplemental jurisdiction, the court should consider the factors of judicial economy, convenience, fairness and comity. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001); *Crosby v. Paulk*, 187 F.3d 1339 (11th Cir. 1999). In this case, it appears to the court that all of these factors would indicate that the state law claims should be heard in state court. There has been no significant action in this case since its filing in state court on April 22, 2005. Bibb County would certainly be more convenient to the parties and to counsel for plaintiff. Comity weighs in favor of the state court hearing state law claims. Finally, the court is not aware of fairness concerns if the state law claims are heard in state court.

Assuming that the court declines to exercise supplemental jurisdiction, the state law claims should "be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441." *City of St. Petersburg*, 260 F.3d at 1267, citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Hinson v. Northwest Fin. South Carolina, Inc.,* 239 F.3d 611, 617 (4th Cir. 2001).

The magistrate judge RECOMMENDS that the Commission's Motion to Dismiss be GRANTED only with respect to the federal causes of action.

The magistrate judge FURTHER RECOMMENDS that the Court decline to exercise supplemental jurisdiction over the state law claims and that this action be REMANDED to the Circuit Court of Bibb County.

The parties are referred to Rule 72(b), Federal Rules of Civil Procedure.

As to the foregoing it is SO ORDERED this the 10th day of August, 2005.

_____

PAUL W. GREENE
CHIEF MAGISTRATE JUDGE